IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-414 (MTT) |
| | ) |
| SOUTHEASTERN PROPERTY MANAGEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Southeastern Property Management's motion to dismiss for failure to state a claim upon which relief can be granted. Doc. 8. In an effort to afford Watson, who is proceeding *pro se*, adequate notice and time to respond to Southeastern Property Management's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Watson wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Watson does not timely respond to the motion to dismiss, the Court may dismiss his claims against Southeastern Property Management. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Watson may submit his argument to this Court by filing a brief in opposition to Southeastern Property Management's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss and its exhibit (Docs. 8; 8-1) to Watson at his last known address. Thereafter, all notices or other papers may be served on Watson directly by mail at his last known address.

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard:

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

-3-

**SO ORDERED**, this 30th day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
